UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 07-4655(DSD/SRN)


Amy Maranda, on behalf of
herself and other individuals
similarly situated,

             Plaintiffs,

v.                                              **ORDER**

Group Health Plan, Inc., d/b/a
HealthPartners, Inc., a
Minnesota corporation,

             Defendant.


Charles V. Firth, Esq, Joni M. Thome, Esq. and Halunen &
Associates, 220 South Sixth Street, Suite 2000,
Minneapolis, MN 55402, counsel for plaintiff.

Charles F. Knapp, Esq., G. Abam Mambo, Esq., Joel P.
Schroeder, Esq., Amy C. Taber, Esq. and Faegre & Benson,
2200 Wells Fargo Center, 90 South Seventh Street,
Minneapolis, MN 55402, counsel for defendant.


This matter is before the court upon defendant's motion for
partial dismissal. Based upon a review of the file and record, the
proceedings herein, and for the following reasons, the court grants
defendant's motion.


**BACKGROUND**

This employment dispute concerns employee classification for
the purposes of overtime and 401(k) benefits. Named plaintiff Amy
Maranda ("Maranda") worked as a member services representative at

defendant Group Health Plan, Inc. ("Group Health"), a nonprofit organization engaged in health care, health promotion, health care financing and health care administration services.  Group Health classified Maranda as an administrative employee and accordingly exempted her from the overtime requirements of the state and federal fair labor standards acts ("FLSA").  Maranda and a purported class of others similarly situated argue that Group Health misclassified them as exempt employees.

Plaintiffs filed this action on November 19, 2007.  They argue that by failing to pay them overtime Group Health was unjustly enriched and violated the Minnesota and federal FLSA and the Employee Retirement Income Security Act ("ERISA").  On December 20, 2007, Group Health moved to dismiss plaintiffs' ERISA and unjust enrichment claims.

**DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  This statement does not require detailed factual allegations so long as it "give[s] the defendant fair notice of what the ... claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957). However, a court will dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which

relief can be granted if, after taking all facts alleged in the complaint as true, those facts fail "to raise a right to relief above the speculative level."  <u>Bell Atl. Corp. v. Twombly</u>, 127 S.Ct. 1955, 1965 (2007).

## I.   ERISA Claims

Pursuant to Group Health's 401(k) Plan (the "Plan"), qualified employees can contribute a percentage of their eligible earnings to a 401(k) account.  (Def. Ex. A at 6.)  Group Health then makes a matching contribution in an amount equal to the employee's contribution up to 5% of the employee's eligible earnings.  (<u>Id.</u> at 7.)  The Plan defines "eligible earnings" as "the total of all compensation paid to [a participant] by the Participating Employer for the portion of the Plan Year during which he or she is a Qualified Employee of the Participating Employer."  (<u>Id.</u> at 60-61.) Group Health is both employer and Plan sponsor, with a Group Health Plan Committee acting as administrator.   The Committee has discretionary power, authority and responsibility to interpret and enforce the Plan and to evaluate claims.

Plaintiffs assert that Group Health breached its fiduciary duty to them in violation of ERISA by failing to account for overtime in administering the Plan.  They seek injunctive and declaratory relief pursuant to 29 U.S.C. § 1132(a)(3) to remedy the alleged transgressions. Defendant maintains that plaintiffs' ERISA claims are not legally cognizable because Plan contributions are

based on compensation actually paid to the employee, not on allegedly owed overtime pay.  Defendant further argues that the choice to classify plaintiffs was a business decision and not a matter involving a fiduciary duty under ERISA, that plaintiffs' claim is nothing more than an action for benefits dressed up as a fiduciary duty claim and that plaintiffs failed to exhaust their administrative remedies.

Plaintiffs rely on several unpublished opinions from district courts in the Ninth Circuit to support their position.  See Rosenburg v. Int'l Bus. Machs. Corp., No. 06-0430, 2006 WL 1627108 (N.D. Cal. June 12, 2006); In re Farmers Ins. Exch. Claims Representatives' Overtime Pay Litig., MDL No. 33-1439, 2005 WL 1972565 (D. Or. Aug. 15, 2005); Gerlach v. Wells Fargo & Co., No. 05-0585 (N.D. Cal. June 13, 2005) (Pls. Ex. A.).  Each of these cases closely parallels the facts of the instant action: plaintiffs initiated ERISA claims against their employer-cum-plan administrator for failing to credit them for claimed overtime hours.  In Farmers, the court acknowledged plaintiffs' argument that the decision not to credit them for overtime hours worked was a fiduciary decision and without analysis allowed plaintiffs' ERISA claims to stand.  See 2005 WL 1972565, at *4-5.  Similarly, in Rosenburg, the court detailed all of plaintiffs' and defendant's arguments, declared the situation a "close call" and determined that the ERISA claims could not be dismissed as a matter of law

4

without discovery.  See 2006 WL 1627108, at *5.  Gerlach, likewise, upheld the ERISA claims on the basis that defendant's argument was "not persuasive."  (Pls. Ex. A at 5.)  None of these nonbinding, nonprecedential cases, however, adequately addresses defendant's argument that plaintiffs have failed to state a cognizable claim based on the substance of the pension plan at issue.

As noted in Gerlach, once an employer has established a pension plan, "it is under an obligation to provide benefits according to the terms of that plan." (Id.) (citing 29 U.S.C. § 1102(a)(1)).  Under the plain language of the Plan, a participant's eligible earnings are the "total of all compensation paid" to the individual during the Plan year.  (Id.)  Eligible earnings do not include compensation that *should* have been paid. Therefore, the Plan Committee had no obligation to make contributions based upon overtime hours for which plaintiffs received no actual compensation and was indeed following the terms of the Plan when it did not make such contributions.  The Plan Committee's role as a fiduciary does not alter its obligation to adhere to the Plan's parameters.  Plaintiffs' primary claim is that Group Health misclassified them as exempt employees.  Any such misclassification, however, does not concern the Plan, and plaintiffs have not alleged that the Committee was responsible for

the classification.  Rather, plaintiffs assert only a FLSA claim. Therefore, the court dismisses plaintiffs' ERISA claims.[1]

## II.  Unjust Enrichment

In addition to their statutory claims, plaintiffs filed a common law unjust enrichment claim against defendant.  Defendant argues that unjust enrichment is an equitable claim that may not be invoked when plaintiffs have an adequate remedy at law.

To establish a claim for unjust enrichment in Minnesota, plaintiffs must show that defendant "knowingly received something of value, not being entitled to the benefit, and under circumstances that would make it unjust to permit its retention." See Southtown Plumbing, Inc. v. Har-Ned Lumber Co., 493 N.W.2d 137, 140 (Minn. Ct. App. 1992).  An action for unjust enrichment may be "based on failure of consideration, fraud, mistake, and situations where it would be morally wrong for one party to enrich himself at the expense of another party."  Heimbach v. Riedman Corp., 175 F. Supp. 2d 1167, 1180 (D. Minn. 2001) (citing Anderson v. DeLisle, 352 N.W.2d 794, 796 (Minn. Ct. App. 1984)).

The right of recovery for unjust enrichment is equitable.  See Southtown Plumbing, 493 N.W.2d at 140 (citing Lundstrom Constr. Co. v. Dygert, 94 N.W.2d 314, 319 (Minn. 1942)).  The equity powers of

---

[1] Because it has dismissed plaintiffs' ERISA claims, the court will not address the issue of whether plaintiffs properly seek relief under 29 U.S.C. 1132(a)(3) or failed to exhaust administrative remedies.

a court may not be invoked when a plaintiff has an adequate remedy at law. Borom v. City of St. Paul, 184 N.W.2d 595, 598 (Minn. 1971). Thus, equitable relief is granted "only upon a showing of the inadequacy of any legal remedy." Zimmerman v. Lasky, 374 N.W.2d 212, 214 (Minn. Ct. App. 1985).

Here, plaintiffs have adequate legal remedies in the form of state and federal FLSA claims. Although statute of limitations periods for the FLSA and unjust enrichment claims are different, plaintiffs have not argued that the difference has rendered the available legal remedies inadequate nor have they explained why the FLSA claims would not address Group Health's alleged transgressions. Cf. Jackson v. Wal-Mart Stores, Inc., No. 258490, 2005 WL 3191394, at *8 (Mich. Ct. App. Nov. 29, 2005) (unjust enrichment claim not precluded where FLSA failed to address purportedly illegal actions). Accordingly, while plaintiffs are generally free to plead in the alternative under Rule 8(e)(2), they may not assert an unjust enrichment claim in this case. See Heimbach, 175 F. Supp. 2d at 1180; Excel Homes of Minn., Inc. v. Ivy Ridge Home Builders, Inc., No. 00-1686, 2001 WL 506782, at *3-4 (Minn. Ct. App. May 15, 2001); Southtown Plumbing, 493 N.W.2d at 140-41; see also Bongat v. Fairview Nursing Care Ctr., Inc., 341 F. Supp. 2d 181, 189 (E.D.N.Y. 2004) (granting dismissal of unjust

enrichment where FLSA claim provided adequate remedy at law).  For these reasons, the court grants defendant's motion to dismiss this claim.

## CONCLUSION

Therefore, **IT IS HEREBY ORDERED** that:

1.   Defendant Group Health's motion for partial dismissal [Doc. No. 11] is granted.

2.   Plaintiffs' ERISA claims are dismissed without prejudice.

3.   Plaintiffs' unjust enrichment claim is dismissed with prejudice.

Dated:  May 20, 2008


                                    s/David S. Doty
                                    David S. Doty, Judge
                                    United States District Court